IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

V.                                                                                          CRIM. NO. 05-123-3

DEDMAS SANCHEZ

MEMORANDUM OPINION

RUFE, J.                                                                                    JULY 18th, 2006

      Defendant Dedmas Sanchez ("Sanchez") was sentenced to a term of imprisonment of 120 months followed by five years of supervised release. Sanchez pled guilty to one count of conspiracy to distribute over one kilogram of heroin in violation of 18 U.S.C. section 846 and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. section 924.[1]

      The charges against Sanchez are based on his involvement in the operation of a large scale, long-standing heroin ring with its hub of criminal activity

---

1. The Superseding Indictment was brought against 18 defendants. Sixteen entered guilty pleas, one remains a fugitive and one is now deceased.

in the City of Allentown, Pennsylvania. Specifically, Sanchez's role in the criminal enterprise included coordinating the daily narcotics activity of the lower-level workers. Significantly, Sanchez's older brother was one of the criminal operation's two chief architects and ring-leaders. During the time that Sanchez was a member of the drug ring, the enterprise distributed approximately one kilogram of heroin per month, which generated approximately 20,000 ten-dollar bags of heroin.

Under the federal statutory sentencing provisions, Sanchez faced a minimum term of imprisonment of twenty years regarding the conspiracy count [2] and a consecutive mandatory minimum term of five years imprisonment on the firearm count. It was undisputed that Sanchez's total offense level under the Sentencing Guidelines was thirty-six and that he had a Category III Criminal History.[3] Based on a total offense level of thirty-six and a Category III Criminal History, the guideline range for imprisonment on the conspiracy count was 235 to 295 months.[4] However, because of the statutory provisions referenced above, the range for the conspiracy count increased to 240 to 295 months.[5] The term of five years imprisonment imposed

---

2. 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A).

3. See U.S. Sentencing Guidelines Manual ch. 5, pt. A

4. See id.

5. U.S.S.G. § 5G1.1.

under 18 U.S.C. section 924(c) runs consecutively to any other term of imprisonment. As a result, Sanchez's potential guideline sentence ranged from 300 to 355 months.

The Government filed a motion to depart downward from the mandatory minimum sentence pursuant to 18 U.S.C. section 3553(e) and section 5K.1.1 of the United States Sentencing Guidelines ("U.S.S.G.") based on the level of assistance Sanchez provided. After carefully considering the Torres[6] factors, the Court granted the Government's motion and sentenced Sanchez to a term of imprisonment of 120 months. The next day, Sanchez filed an appeal, arguing that the Court should have granted a more significant downward departure from the guidelines.

As an initial matter, Sanchez is not permitted to appeal his sentence. As part of his plea agreement, Sanchez "voluntarily and expressly waive[d] all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution."[7] The only exceptions listed in the plea agreement, other than if the Government filed an appeal as of right, permitted an appeal based on a claim that:

---

6. United States v. Torres, 251 F.3d 138, 147 (3d Cir. 2001)(instructing courts to provide bases of analysis for downward departures and indicate its recognition of factors set forth in sentencing guidelines).

7. Doc. #362.

>    (1) the defendant's sentence on any count of conviction exceeds the statutory maximum for that count ...; or
>    (2) the sentencing judge unreasonably departed upward from the otherwise applicable sentencing guideline range.[8]

Neither exception applies here. Therefore, it is respectfully submitted that the Court of Appeals lacks jurisdiction to entertain Sanchez's pro se appeal.[9]

Nevertheless, the Court herein undertakes to set forth the rationale buttressing the discretionary sentence imposed in this case. The Court submits that its sentence, imposed in accordance with the sentencing statute, is reasonable.

18 U.S.C. section 3553(e) gives a court limited authority to impose a sentence below the statutory minimum, providing in relevant part: "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."[10] Similarly, section 5K1.1 of the U.S.S.G. provides: "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed

---

8. Id

9. See United States v. Lockett, 406 F.3d 207, 214 (3d Cir. 2005).

10. 18 U.S.C. § 3553(e) (2003).

an offense, the court may depart from the guidelines."[11] Section 5K1.1 further provides:

> (a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:
> (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
> (3) the nature and extent of the defendant's assistance;
> (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
> (5) the timeliness of the defendant's assistance.[12]

As the Third Circuit has directed, "[w]hen presented with a motion for a downward departure, the sentencing judge must, at the very minimum, indicate his or her consideration of section 5K1.1's five factors in determining whether and to what extent to grant a sentencing reduction."[13]

---

11. U.S.S.G. § 5K1.1 (2005).

12. Id.

13. United States v. Torres, 251 F.3d 138, 147 (3d Cir. 2001).

Here, the Government stated at sentencing that it sought a downward departure based on the following: (1) Sanchez was one of the first three defendants to cooperate with the Government;[14] (2) Sanchez participated in at least six proffers, and all of his information proved to be reliable; (3) Sanchez testified for the Government in the grand jury proceedings, which resulted in the indictment of two additional members of the drug ring-- one of whom was Sanchez's younger brother; and (4) the fact that Sanchez will have to be isolated from his co-defendants, especially his older brother.[15]

In granting the Government's motion for downward departure, the Court carefully set forth on the record its evaluation of the Torres factors and the manner in which it weighed those factors as follows:

> And it would be impossible for the Court not to accept what [the government] has said, because of course, we have seen it play out in this prosecution countless times over– 16 times, as a matter of fact– over the last six months, that the pleas have been taken. We know that the information had to be not only substantial but reliable. Corroborated by other Defendants. And strong enough to warrant a grand jury issuing a Superseding Indictment. Strong enough to be credible, and that means that other Defen-

---

14. In fact, Sanchez was the first defendant to testify and the first to plead guilty. According to the Government, Sanchez's decision to testify broke the logjam and ultimately resulted in all sixteen defendants taking a plea. Transcript of Sentencing at 26.

15. Transcript of Sentencing at 6-11,24-27.

dants and their wise Defense attorneys were properly advising them as to how to proceed.

We think that Mr. Dedmas Sanchez has provided the Court with all the necessary facts to support the Torres factor analysis. We also agree, knowing that this is a large and full-scale operation–heroin ring in the City of Allentown, with many firearms being possessed and used in furtherance, that there is no way there isn't inherent danger. Even though, we may not have heard a specific threat against Mr. Sanchez, that's most probably because the Government and the prison has [sic] worked so diligently in keeping him away from others. However, it is noted in the record that Mr. Sanchez himself did not want members of his family to know what he was doing. And we know that's with good reason. So the danger is apparent to me even though it was not specific–specifically enumerated in this case.

We also think his timeliness has been significant. And when you're the first, or one of the first three, it counts. It counts for a great measure. And I would say, it counts not only in the granting of the Government's motion, but may also count later on when we start talking about factors and ability to be rehabilitated.

So with all of the above, knowing the results of this case, and the Indictment, we are going to grant the Government's motion as unopposed and because the facts are more than sufficient to support the Torres factor analysis. We will grant that motion not only to depart from the sentencing guideline range but also to depart pursuant to 3553(e) from the mandatory minimum, which is severe in this case–25 years, if you count the consecutive counts.[16]

---

16. Transcript of Sentencing at 11-12.

As noted above, Sanchez faced a sentence of 300 months according to the advisory sentencing guidelines. However, United States v. Booker[17] requires the Court to tailor the sentence in light of other statutory concerns as well, particularly those set forth at 18 U.S.C. section 3553(a).[18] That section provides, in pertinent part:

> **(a) Factors to be considered in imposing a sentence.**–The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes ser forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider–
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the offense and the history and characteristics of the defendant:
> >
> > (2) the need for the sentence imposed–
> >
> > > **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense;
> > >
> > > **(B)** to afford adequate deterrence to criminal conduct;
> > >
> > > **(C)** to protect the public from further crimes of the defendant; and

---

17.   543 U.S. 220 (2005).

18.   Id. at 264.

> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.....[19]

The 120 month sentence imposed was reasonable given Sanchez's role in the conspiracy as a trusted, mid-level supervisor of a large heroin ring that poisoned the residential streets of the City of Allentown. As a mid-level supervisor, Sanchez profited more than many of his co-defendants. Indeed, approximately $35,000 in cash was recovered from Sanchez's home at the time it was searched. Sanchez also possessed a loaded firearm for the purpose of protecting his interests throughout the conspiracy. In addition, Sanchez was a member of the conspiracy for twenty-three months, ceasing activity only upon arrest. In all, Sanchez was involved in the distribution of approximately twenty-three kilograms of heroin.[20]

The sentence imposed intends to protect the community and to promote respect for the law. Additionally, in light of Sanchez's inability to maintain employment and his history of drug abuse, including a prior drug conviction, the 120 month sentence provides Sanchez the opportunity to access needed treatment and to the educational and/or vocational training needed to achieve his rehabilitation

---

19.   18 U.S.C.§ 3553(a).

20.   Sentencing Recommendation, United States Probation Office at 2-3.

and return to the community as a productive law-abiding citizen. Moreover, the sentence, which was fifteen years less than the mandatory minimum, adequately reflects the substantial assistance Sanchez provided.

                                                Respectfully submitted,

                                                /s/ Cynthia M. Rufe, J.

                                                _____

                                                Cynthia M. Rufe, J.