IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEDMAS SANCHEZ,<br>   Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>   Respondent. | CRIMINAL NO. 05-123-3 |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                            **December 29, 2009**

Petitioner Dedmas Sanchez ("Sanchez") was convicted in this Court on June 6, 2006 for one count of conspiracy to distribute over one kilogram of heroin in violation of 18 U.S.C. § 846, and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924. Now before this Court is Petitioner's *pro se* Motion requesting a "restructuring" of his prison sentence based on recent Second and Eighth Circuit decisions pertaining to 18 U.S.C. § 924(c).[1] For reasons set forth below, Petitioner's Motion is dismissed for lack of jurisdiction.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This criminal matter commenced on March 8, 2005, upon return of a grand jury indictment charging Petitioner with conspiracy to distribute more than one kilogram of heroin.[2] Shortly after indictment, Petitioner pled guilty to one count of conspiracy to distribute over one

---

[1] Docket Entry No. 735.

[2] Docket Entry No. 32.

1

kilogram of heroin and one count of possession of a firearm in furtherance of a drug trafficking crime. As part of his plea agreement, Petitioner "voluntarily and expressly waive[d] all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to [the] prosecution."[3]

On July 18, 2008, the Court issued a Memorandum Opinion[4] to address the Petitioner's direct appeal of his sentence to the Third Circuit Court of Appeals. The Court herein recites pertinent parts of said memorandum to establish relevant factual and procedural background:

> The charges against Sanchez are based on his involvement in the operation of a large scale, long-standing heroin ring with its hub of criminal activity in the City of Allentown, Pennsylvania. Specifically, Sanchez's role in the criminal enterprise included coordinating the daily narcotics activity of the lower-level workers. During the time that Sanchez was a member of the drug ring, the enterprise distributed approximately one kilogram of heroin per month, which generated approximately 20,000 ten-dollar bags of heroin. Under the federal statutory sentencing provisions, Sanchez faced a minimum term of imprisonment of twenty years regarding the conspiracy count[5] and a consecutive mandatory minimum term of five years imprisonment on the firearm count. It was undisputed that Sanchez's total offense level under the Sentencing Guidelines was thirty-six and a Category III Criminal History.[6] Based on a total offense level of thirty-six and a Category III Criminal History, the guideline range for imprisonment on the conspiracy count was 235 to 295 months.[7] However, because of the statutory provisions referenced above, the range for the conspiracy count increased to 240

---

[3] Notwithstanding certain specified limited exceptions expressly stated in the written plea agreement. See Docket Entry No. 362; See also, Change of Plea Transcript, dated October 31, 2009 and Plea Agreement at Para. 10.

[4] Docket Entry No. 550.

[5] 21 U.S.C. §§ 846, 841 (a)(1) and 841 (b)(1)(A).

[6] See U.S. Sentencing Guidelines Manual ch. 5, pt. A.

[7] Id.

to 295 months.[8] The term of five years imprisonment imposed under 18 U.S.C. section 924 (c) runs consecutively to any other term of imprisonment. As a result, Sanchez's potential guideline sentence ranged from 300 to 355 months. The Government filed a motion to depart downward from the mandatory minimum sentence pursuant to 18 U.S.C. section 3553 (e) and section 5K.1. of the United States Sentencing Guidelines based on the level of assistance Sanchez provided. After carefully considering the Torres[9] factors, the Court granted the Government's motion and sentenced Sanchez to a term of imprisonment of 120 months [followed by five years of supervised release]. The next day, Sanchez filed an appeal, arguing that the Court should have granted a more significant downward departure from the guidelines.

Consistent with Petitioner's plea agreement, however, the Third Circuit enforced Petitioner's appellate waiver and dismissed the direct appeal.[10] To date, Petitioner has served approximately forty-two months of his sentence. Now, more than three years after sentencing, Petitioner challenges the length of his prison sentence and requests that this Court "restructure the term of his imprisonment."

## II. DISCUSSION

In the instant Motion, Petitioner pleads for a "sentence restructure." The Government argues that it is unclear whether Petitioner intends to bring the instant claim under 28 U.S.C. § 2241 or 28 U.S.C. § 2255. The Court, however, holds such no confusion and finds that under either statute, Petitioner improperly attempts to invoke this Court's jurisdiction over a habeas petition. Under § 2241, jurisdiction for a habeas petition challenging present physical custody

---

[8] U.S.S.G. § 5G1.1.

[9] United States v. Torres, 251 F.3d 138, 147 (3d Cir. 2001) (instructing courts to provide bases of analysis for downward departures and indicate its recognition of factors set forth in sentencing guidelines).

[10] Docket Entry No. 592.

3

lies only in the district of confinement.[11] Here, Petitioner is confined at FCI Fort Dix, which is located in the District of New Jersey. As the Government notes, this Court would have no subject matter jurisdiction to consider a § 2241 petition.

Under § 2255, a petitioner has one year after the sentence is final or after a direct appeal to file a habeas petition.[12] Here, Petitioner brings his petition more than three years after sentencing and the filing of his direct appeal. As such, Petitioner is well beyond the one-year statute of limitations. Moreover, Defendant is precluded from filing a § 2255 petition by the terms of his guilty plea agreement entered into before the Court on June 5, 2006.[13]

Further, the Court finds no constitutional grounds to consider Petitioner's argument that his sentence should be restructured based on "new case law." Petitioner relies on recent opinions from the Second and Eighth Circuits as articulated in United States v. Whittley[14] and United States v. Easter[15] to support his position that the consecutive nature of a sentence for the crime of using a firearm in furtherance of a drug trafficking crime does not apply when the defendant is also subject to a higher, but potentially concurrent minimum penalty provided by another statute. Whittley and Easter, however, directly conflict with binding, controlling authority from the Third Circuit and its interpretation of 18 U.S.C. § 924(c).[16] For these foregoing reasons, Petitioner's

---

[11] See Rumsfield v. Padilla, 542 U.S. 426, 433 (2004).

[12] See Clay v. United States, 537 U.S. 522 (2003).

[13] See Plea Agreement at Para. 10.

[14] 529 F.3d 150 (2nd Cir. 2008).

[15] 553 F.3d 519 (7th Cir. 2009).

[16] See United States v. Abbott, 574 F. 3d 203 (3rd Cir. 2009) (holding that mandatory consecutive sentencing for § 924(c) does apply to defendants receiving longer mandatory minimum sentences under the Armed

Motion is dismissed for lack of jurisdiction. An appropriate order follows.

---

Criminal Act).